## THE STATE *v.* WHITE.

CRIMINAL LAW. *Selling liquors.* Where the proprietor of a theatre ownes a bar-room for the sale of liquors, etc.. with convenient steps leading to a wine room up-stairs, located in an adjoining building to the theatre, and persons go into the wine room on tickets, and drinks are sent up from the bar, the establishment being kept mainly for the pur-pose of furnishing wines and liquors to visitors of the theatre, being of easy access from the theatre, and a part of its fitting up, and liquors are furnished in the wine room under these circumstances, the proprietor is guilty of furnishing liquors to visitors inside of such place of amusement, or in an apartment opening into the same, under act of 1869–70.

### FROM SHELBY.

Appeal from the Criminal Court. JOHN. R. FLIPPIN, Judge.

L. B. HORRIGAN for complainant.

ATTORNEY-GENERAL HEISKELL for the State.

FREEMAN, J., delivered the opinion of the court.

The State *v*. White.

This is a prosecution for violation of the act of 1869–70, ch. 39, sec. 1, which is as follows:

"That in theatres, and other places of amusement, where any admission fee is or is not required from visitors, no wine, spirituous or malt liquors, shall be sold or furnished visitors inside of such place of amusement, nor any apartment opening into the same."

The cases were tried before Judge Flippin without the intervention of a jury, by consent, who found the defendant guilty, and he appeals to this court.

The only question is, whether the proof sustains the finding. It appears that defendant is proprietor of one of the theatres in Memphis; that he owns a bar for the sale of liquors, located in an adjoining building to the theatre; there is a convenient stairway leading from the bar into a room upstairs known as the wine room; persons go into the wine room upon obtaining a ticket; drinks are sent from the bar up to the wine room by a girl connected with the theatre.

The witness for the State proved that he had frequently sent drinks from the bar to the wine room. In fact it is clearly to be seen from the statements of his employee, that the whole establishment is kept for the purpose mainly of furnishing wines and liquors to visitors of the theatre, the wine room being a drinking room set apart for the accommodation of such visitors as desire to drink in more privacy perhaps than the open bar. This room is one of easy access from the threatre, and no doubt makes up a part of its fitting up. We have no question that the Circuit Judge was correct in holding that the liquors had

been furnished to visitors inside of such place of amusement, or in an apartment opening into the same.

It is true the witness says he does not know that the liquor was for visitors, but we cannot doubt it. Had it been for the employees of the theatre, it would have been easy to have so proven.

Affirm the judgment.